**MANDATE**

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 21st day of May, two thousand and four.

PRESENT:

      HON. ELLSWORTH VAN GRAAFEILAND,
      HON. ROBERT D. SACK,
      HON. REENA RAGGI,

                Circuit Judges.

------------------------------------------

MARYALICE COOKE, on behalf of Richard Cooke,

           Plaintiff-Appellant,

ALEX COOKE,

           Plaintiff-Appellee,[*]

      - v -                      No. 03-7137

WILLIAMS & PATTIS, Law Offices of John R. Williams, Williams, Polan & Pattis, JOHN R. WILLIAMS, Esq., NORMAN A. PATTIS,

           Defendants-Appellees.

---

[*] This is the caption as it appears on the docket of this Court. In the caption to Maryalice Cooke's papers on appeal, however, she identifies Alex Cooke as "Plaintiff-Appellant" and refers to "Richard Cooke" as "Richard Cooke, Jr."

Issued as mandate JUN 22 2004

---

| Appearing for Appellant: | MARYALICE COOKE, pro se, North Haven, CT. |
|---|---|
| Appearing for Appellees: | THOMAS E. KATON, Susman, Duffy & Segaloff, P.C. (Jennifer L. Schancupp, on brief), New Haven, CT. |

Appeal from the United States District Court for the District of Connecticut (Warren W. Eginton, Judge).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Plaintiff-appellant Maryalice Cooke appeals from the district court's grant, on August 27, 2002, of defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(b). Cooke's complaint alleged various counts under Connecticut law relating to her representation by defendants Williams & Pattis, John R. Williams, and Norman A. Pattis in a prior malpractice action against attorney Herman Tarnow arising out of his representation in negotiating a divorce settlement agreement between Cooke and her former husband, Richard Cooke. The settlement agreement in question did not prepare for or protect against several contingencies, including the possibility that Richard Cooke was bankrupt, or that there was no equity in the marital home. As a result, Cooke ultimately received little under the divorce settlement. In Cooke's underlying malpractice action against Tarnow, the defendants neglected to timely file opposition papers on her behalf to a motion for summary judgment, leading to Cooke's institution of the present suit.

We review a district court's grant of summary judgment de novo. Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003). With respect to the claims predicated on defendants' alleged malpractice, the district court accepted that the defendants had breached the relevant standard of care, but concluded that the claims must nonetheless fail, because Cooke had not presented any evidence showing that Tarnow's underlying breach of duty proximately caused injury to her. As a result, the district court concluded that Cooke could not have prevailed in the underlying malpractice action against Tarnow, and by extension could not prevail on her present malpractice claims. See Solomon v. Levett, 618 A.2d 1389, 1391 (Conn. App. Ct. 1993).

We agree with the district court's analysis. We also note that although an attorney in Tarnow's position might have taken steps to secure Cooke's interest in the marital residence against the possibility that there was no equity remaining in it, Cooke adduced no admissible evidence identifying specific assets of Richard Cooke that could have been used to secure her interest in the home. Thus, the record before us presents no genuine issue of material fact as to whether Tarnow's failure to secure Cooke's interest in the residence was the proximate cause of any injury to her.

As for Cooke's remaining claims, we also conclude, on substantially the same grounds as articulated by the district court, that summary judgment was warranted.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
ROSEANN B. MACKECHNIE, Clerk

By: *Lucille Carr*     Date: 5/21/04

A TRUE COPY
Roseann B. MacKechnie, CLERK

by _Sleglich_
DEPUTY CLERK